**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FLORIDA CLEAN WATER NETWORK, INC.,
et al.,

        Plaintiffs,

vs.                                                  Case No. 3:08-cv-120-J-32TEM

PAUL L. GROSSKRUGER, etc., et al.,

        Defendants.

## ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION[1]

This case came before the Court today for a hearing on Plaintiffs' and Intervening Plaintiffs' Motions for Preliminary Injunction (Docs. 2, 16). Various responses, supplements, and voluminous exhibits are of record. See Docs. 3, 4, 22, 23, 24, 25, 27, 34, 38, 40, 42. Having thoroughly reviewed the parties' papers and having now had benefit of oral argument, the record of which is incorporated by reference,[2] the Court finds plaintiffs have failed to carry their burden of demonstrating that a preliminary injunction should issue on this record.

In the context of the APA, plaintiffs must show a substantial likelihood of proving that the Corps' actions (or inactions) were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Wilderness Watch and Pub.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] As announced on the record at the hearing, motions to intervene (Docs. 11, 15) are **granted**.

Employees for Envtl. Responsibility v. Mainella, 375 F.3d 1085, 1088 (11th Cir. 2004). The Court finds plaintiffs have failed to carry their burden of demonstrating they are substantially likely to prevail on any of their NEPA or CWA claims against the Corps. Specifically, plaintiffs have failed to show that the Corps acted arbitrarily and capriciously or abused its discretion in defining the project purpose, in evaluating practicable alternatives, in assessing cumulative and indirect impacts, in declining to supplement the EIS regarding the dewatering issue, in relying on the Fish and Wildlife Service's Biological Opinion to reach decision as to the effect of the project on the flatwoods salamander and other species and biota, in assessing the mitigation plan, or in any of the broader or narrower explications of these issues suggested by plaintiffs.

Plaintiffs having failed to demonstrate a substantial likelihood of success as to any of their claims against the Corps, the Court need not determine whether the other prongs of the injunction standard are met. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (setting forth preliminary injunction standard).

As for plaintiffs' claims against the Fish and Wildlife Service brought under the Endangered Species Act, the parties disagree as to the appropriate standard upon which to review these claims, but the Court finds that even the standard argued by plaintiffs[3] does not support the issuance of a preliminary injunction as plaintiffs have not demonstrated (to a substantial or even reasonable likelihood) that the Biological Opinion issued by the Fish and

---

[3] See e.g., Loggerhead Turtle v. County Council of Volusia County, 896 F.Supp. 1170, 1178-80 (M.D. Fla. 1995); Center for Biological Diversity v. Bureau of Land Management, 2004 WL 3030209 at *5-6 (N.D. Cal. Dec. 30, 2004).

Wildlife Service violated the procedural or substantive requirements of the Endangered Species Act.

The parties are reminded that this is a ruling on the motions for preliminary injunction and not a final judgment as to the ultimate merits of this case.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Motions for Preliminary Injunction (Docs. 2, 16) are **DENIED**.

2. No later than **March 10, 2008**, the defendants shall file their answers to the complaint (Doc. 1) and the complaint in intervention (Doc. 14).

3. No later than **March 10, 2008**, the parties shall also file a joint proposed schedule which includes a date by which defendants shall serve and file the complete Administrative Record (which may be served and filed by disk(s)); and dates by which the parties intend to file briefs (limited to no more than 60 total pages per side (exclusive of cover pages, indices, certificates of services, and exhibits), to be divided as they see fit, with pages reserved for responsive or reply briefs as appropriate, in accordance with their proposed schedule).  Upon review of the parties' joint filing, the Court will issue a Scheduling Order that includes a date for final hearing.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of February, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

s.
copies:
counsel of record